# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANGEL ECHEVARRIA,<br>           Appellant, | DOCKET NUMBER<br>AT-0752-15-0143-I-1 |
|       v. | |
| DEPARTMENT OF HOMELAND<br>   SECURITY,<br>          Agency. | DATE: March 22, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

David M. Burns, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained the agency's decision to suspend him indefinitely pending final adjudication of his eligibility for access to classified information. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a Senior Criminal Investigator with the National Protection and Programs Directorate, Federal Protective Service (FPS). Initial Appeal File (IAF), Tab 5 at 20. As such, he is required to obtain and maintain a Top Secret security clearance. IAF, Tab 11 at 31, Tab 12 at 11.

¶3 On September 25, 2013, the appellant was arrested and charged with multiple felonies. IAF, Tab 11 at 7. The following day, the appellant was placed on administrative leave until further notice. IAF, Tab 7 at 14. On October 2, 2013, the Regional Director, FPS, Region 4, issued a memorandum to the Director of FPS, requesting that the appellant be continued on administrative leave pending the outcome of the criminal charges or "possible disciplinary action." IAF, Tab 23 at 13-14.

¶4 By letter dated February 3, 2014, the agency's Office of the Chief Security Officer (OCSO), Personnel Security Division (PSD), notified the appellant that it was suspending and proposing to revoke his security clearance, based on the

allegations of criminal conduct. IAF, Tab 11 at 7-8.[2] On March 19, 2014, the agency proposed to indefinitely suspend the appellant "pending final adjudication of [his] eligibility for access to classified information." IAF, Tab 10 at 34-35. The notice explained that the proposed indefinite suspension was based on the suspension and proposed revocation of the appellant's clearance, and not the reasons underlying the clearance determination. *Id*. The appellant responded orally and in writing. IAF, Tab 5 at 30-36, Tab 7 at 11-13.

¶5 Meanwhile, by notice dated September 10, 2014, OCSO PSD informed the appellant of its decision to revoke his security clearance. IAF, Tab 7 at 29-32. The notice indicated that the determination would become final unless the appellant requested review by the Chief Security Officer. *Id*. Shortly thereafter, the appellant submitted a timely request for review, the results of which are not contained in the record. IAF, Tab 23 at 15-16.

¶6 By letter dated October 17, 2014, the deciding official informed the appellant of her decision to indefinitely suspend him, effective immediately. IAF, Tab 5 at 22-29. This appeal followed. IAF, Tab 1. Based on the parties' written submissions, the administrative judge sustained the appellant's indefinite suspension. IAF, Tab 27, Initial Decision (ID). The appellant then filed the instant petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 In an appeal of an adverse action under 5 U.S.C. § 7513 based on the denial, revocation, or suspension of a security clearance, the Board does not have authority to review the substance of the underlying security clearance

---

[2] The letter refers to the suspension and proposed revocation of the appellant's "access to classified information." IAF, Tab 11 at 7-8. However, it is apparent from context that OCSO PSD suspended and proposed to revoke the appellant's *eligibility* for access to classified information, i.e., his security clearance. *See id*. (citing the Adjudicative Guidelines for Determining Eligibility for Access to Classified Information, codified at 32 C.F.R. part 147).

determination, but may review: (1) whether the employee's position required a security clearance; (2) whether the security clearance was denied, revoked or suspended; and (3) whether the agency followed the procedures set forth in 5 U.S.C. § 7513. *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988); *Cheney v. Department of Justice*, 479 F.3d 1343, 1352 (Fed. Cir. 2007); *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000). It is undisputed that these conditions are satisfied here.

¶8    In some cases, the Board may also review whether it was feasible to reassign the appellant to a position not requiring the revoked security credential. *Egan*, 484 U.S. at 530-31. However, the U.S. Court of Appeals for the Federal Circuit has since clarified that *Egan* does not create a substantive entitlement to reassignment, and that the Board's authority to review whether reassignment was feasible arises only where a substantive right to reassignment is available from some other source, such as a statute or regulation. *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed. Cir. 1989). The Federal Circuit has also held that, pursuant to 5 U.S.C. § 7701(c)(2)(A), the Board may review whether an agency committed harmful procedural error in taking an adverse action based on a security clearance determination. *Romero v. Department of Defense*, 527 F.3d 1324, 1328 (Fed. Cir. 2008). Finally, although a security clearance determination does not by itself implicate any due process concerns, we have held that the Board may review whether the agency provided constitutional due process in taking the resulting adverse action. *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 15 (2014).

¶9    On petition for review, the appellant reiterates his argument from below that the agency failed to demonstrate that it was not "feasible" to keep him on paid administrative leave. PFR File, Tab 1 at 6-8. In support of his argument, he cites *Egan* for the proposition that the Board has authority to review whether it was feasible for the agency to keep him in administrative leave status instead of indefinitely suspending him. He further argues that, pursuant to the October 2,

2013 memorandum concerning his continued placement in administrative leave, he had a substantive right to be kept in administrative leave pending the outcome of the criminal charges and/or "possible disciplinary action." *Id*. He contends that the condition subsequent was satisfied at the time of his indefinite suspension, because the criminal charges had not been resolved, and his indefinite suspension was not based on misconduct. *Id*.

¶10        To the extent the appellant contends that the Board generally has authority to review whether continued placement in administrative leave was "feasible," no such holding is to be found in *Egan* or its progeny. Rather, it is well established that indefinitely suspending an employee pending final adjudication of a security clearance promotes the efficiency of the service, regardless of whether administrative leave was a feasible alternative. *Jones v. Department of the Navy*, 978 F.2d 1223, 1226 (Fed. Cir. 1992); *see Buelna*, 121 M.S.P.R. 262, ¶ 20.

¶11        To the extent the appellant contends that his indefinite suspension was inconsistent with the terms of the October 2, 2013 memorandum, his claim might be construed as a reviewable defense of harmful procedural error. If so, however, his claim is without merit. The appellant correctly observes that his indefinite suspension was not a sanction or penalty for misconduct. *See Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 15 (2014). However, we have held that an indefinite suspension pending final adjudication of a security clearance is "disciplinary" in the broader sense of maintaining the orderly working of the Government. *Brown v. Department of the Navy*, 49 M.S.P.R. 277, 281-82 (1991), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014). Thus, the condition subsequent described in the October 2, 2013 memorandum was satisfied when the agency took the indefinite suspension action on appeal.

¶12        The appellant further argues, as he did below, that the agency committed harmful procedural error in the security clearance revocation proceedings. PFR File, Tab 1 at 8-10. He correctly observes that in some cases the Board has

authority to review such a claim.  *See Romero*, 527 F.3d at 1328.  However, in this case, the administrative judge correctly found that the appellant's harmful procedural error claims exceed the Board's review authority.  ID at 8-9.  The appellant might argue that, in the absence of the alleged procedural errors in the revocation proceedings, OCSO PSD would have ruled in his favor and restored his clearance before the agency issued its decision on the proposed indefinite suspension.  However, it would be impossible to determine the merits of that claim without considering the substance of the clearance determination, which lies outside our review authority.  Hence, as the administrative judge explained, this case is distinguishable from *Romero*, in which the procedural review did not overstep the boundaries set by *Egan*.  *See Romero*, 527 F.3d at 1329-30; Initial Decision at 8-9.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.